UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Civil No. 05-1099 (PAM/RLE)

                Petitioner,

v.                                                                                    **ORDER**

John Hill,

                Respondent.

---

This matter is before the Court on Respondent's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Erickson dated June 28, 2005. Pursuant to the R&R, objections were due on July 13, 2005. No objections were filed within the time permitted, and the Court adopted the R&R on July 15, 2005. On July 18, 2005, Respondent filed his Objections.

The Court has reviewed Respondent's Objections, and overrules them in their entirety. Respondent contends that the R&R subjects Respondent to the involuntary administration of neuroleptic medication. However, the R&R does not order the involuntary administration of neuropletic medication, but rather indicates that if "the Petition is granted, the Respondent would be assigned to a doctor, and would be the subject of a due process hearing, before an independent psychiatrist, so as to determine whether forced medications would be appropriate." (R&R at 10.)

"The determination of whether the Petitioner may forcibly administer psychotropic drugs should be made only following the inmate's commitment under 18 U.S.C. § 4245." United States v. Horne, 955 F. Supp. 1141, 1151 (D. Minn. 1997) (Tunheim, J.). Indeed, 18

U.S.C. § 4245 permits the Court to determine whether the federal inmate may be transferred to a facility for psychiatric treatment. See id. The Court may not determine what the appropriate course of treatment is or whether the involuntary administration of psychotropic medication is necessary. See id. Following commitment under § 4245, "[t]he decision about whether or not to forcibly medicate Respondent will first be made by the Respondent's treating physician/psychiatrist. That decision is subject to review by medical professionals in an administrative due process hearing." Id. (citing 28 C.F.R. § 549.43). The R&R does not order the involuntary administration of psychotropic medication, but merely recommends that Respondent be transferred to a facility to psychiatric treatment under § 4245. Accordingly, Respondent is entitled to the due process protections afforded in 28 C.F.R. § 549.43, and nothing in the R&R suggests otherwise.

Accordingly, based on all the files, records, and proceedings herein, Respondent's Objections to the R&R (Clerk Doc. No. 13) are **OVERRULED** and the Court's Order of July 15, 2005, remains in effect.

Dated: July 20, 2005

                                                  s/ Paul A. Magnuson
                                                  Paul A. Magnuson
                                                  United States District Court Judge